UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SINCERE SMITH, | |
| Plaintiff, | |
| -against- | |
| C.O. J. CORDERO; C.O. A. UDAYAN; C.O. R. ROBINSON; C.O. M. DAVIS; C.O. JARVIS; C.O. S. GADWAY, | |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/28/2021

21-CV-2712 (NSR)

PARTIAL TRANSFER ORDER AND
ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, who is currently incarcerated in Upstate Correctional Facility in Franklin County, New York, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. Plaintiff alleges that five correction officers – Defendants Cordero, Udayan, Robinson, Davis, and Jarvis – used excessive force against him or failed to protect him when he was incarcerated at Sing Sing Correction Facility (the "Sing Sing claims"). Plaintiff also alleges that Defendant Gadway – a correction officer at Upstate – sexually assaulted Plaintiff while he was at Upstate (the "Upstate claims"). By order dated April 23, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

For the reasons set forth below, the Court severs the Upstate claims and transfers those claims to the United States District Court for the Northern District of New York. The Sing Sing claims will remain in this District.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A.    Severance of Upstate claims

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." *Id.* Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic*, 673 F. Supp. 2d at 167.

Rule 21 of the Federal Rules of Civil Procedure provides that "on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." *Id.* In determining whether to sever a claim, the court considers "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821,

826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845, 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007)). Put another way, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Joinder of Plaintiff's claims against the correction officers at Sing Sing with his claims against the correction officer at Upstate does not comport with Rule 20(a) because the allegations involve different defendants and separate events occurring at different facilities. Thus, the Sing Sing claims are not logically connected to the Upstate claims. *See, e.g.*, *Smith v. Goord*, No. 04-CV-6432, 2006 WL 2850597, at *3 (W.D.N.Y. Sep. 22, 2006) (disallowing joinder of claims against defendants at different correctional facilities where there was no suggestion that original defendants were involved in the actions taken against plaintiff in a different facility more than one year later); *Webb v. Maldanado*, No. 3:13-CV-144 (RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013) ("Unrelated claims against different defendants belong in different suits . . . to prevent the sort of morass" created by a complaint with more than twenty defendants and countless unrelated claims.") (citation omitted).

For these reasons, the Court concludes that it is appropriate to sever the Sing Sing claims from the Upstate claims.

**B.      Transfer of the Upstate claims**

When a court orders the severance of claims, it creates two or more separate "actions," and the court may transfer one action while retaining jurisdiction of another. *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968).

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

The complaint does not allege that the events giving rise to the Upstate claims occurred in this district or that Upstate correction officer Gadway resides in this district. Thus, venue for Plaintiff's Upstate claims is not proper in this Court under § 1391(b)(1) or (2). Plaintiff's Upstate claims arose in Franklin County, New York, which is in the Northern District of New York. 28 U.S.C. § 112(a). Accordingly, venue lies in the Northern District of New York, 28 U.S.C. § 1391(b)(2), and the Court transfers the Upstate claims to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

C.      **Service on Sing Sing defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that

it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v.*

*Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides

the information necessary to identify the defendant, the Marshals' failure to effect service

automatically constitutes 'good cause' for an extension of time within the meaning of Rule

4(m).").

To allow Plaintiff to effect service on Defendants Cordero, Udayan, Robinson, Davis, and

Jarvis through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S.

Marshals Service Process Receipt and Return form ("USM-285 form") for each of these

defendants. The Clerk of Court is further instructed to issue summonses and deliver to the

Marshals Service all the paperwork necessary for the Marshals Service to effect service upon

these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

**D.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to

respond to specific, court-ordered discovery requests, applies to this action. Those discovery

requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil

Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests.

In their responses, Defendants must quote each request verbatim.[2]

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses
and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an

information package.

The Clerk of Court is also directed to sever the Upstate claims against Defendant

Gadway, and under 28 U.S.C. § 1406(a), transfer those claims to the United States District Court

for the Northern District of New York.

The Clerk of Court is further instructed to issue summonses, complete the USM-285

forms with the addresses for Defendants Cordero, Udayan, Robinson, Davis, and Jarvis, and

deliver to the U.S. Marshals Service all documents necessary to effect service on these

defendants.

Local Civil Rule 33.2 applies to this action.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 28, 2021
          White Plains, New York

_____
                              NELSON S. ROMÁN
                         United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.      Correction Officer J. Cordero
        Sing Sing Correctional Facility
        354 Hunter Street
        Ossining, NY 10562

2.      Correction Officer A. Udayan
        Sing Sing Correctional Facility
        354 Hunter Street
        Ossining, NY 10562

3.      Correction Officer R. Robinson
        Sing Sing Correctional Facility
        354 Hunter Street
        Ossining, NY 10562

4.      Correction Officer M. Davis
        Sing Sing Correctional Facility
        Ossining, NY 10562

5.      Correction Officer E. Jarvis
        Sing Sing Correctional Facility
        354 Hunter Street
        Ossining, NY 10562